NOYES *v.* BARNET.
{ Aug. 11, 1876.

*Foreclosure suit—Parties.*

Where a mortgage is given to secure several notes held by different parties, a writ of entry to foreclose the mortgage must be in the names of all the owners of the notes.

FROM COÖS CIRCUIT COURT.

WRIT OF ENTRY, upon a mortgage. Plea, the general issue. The action was tried by the court, and the court found that said mortgage was given to secure five notes payable in one, two, three, four, and five years, from January 1, 1873. The first note has been paid, and the plaintiff is the holder of the two notes due on January 1, 1874–75 respectively, and the two remaining notes are held by a third party. There was no formal assignment of the mortgage. The defendants then moved for a nonsuit, on the ground that the holder of the other notes should have been joined ; that where there are several notes secured by the same mortgage, and the same are held by different parties, in a suit to foreclose the mortgage they must all be joined, otherwise the action cannot be maintained ;—but the court, *pro forma*, overruled the motion, and the defendants excepted. The court then found for the plaintiff.

The questions of law arising upon the foregoing case were transferred by STANLEY, J., C. C.

*Aldrich & Shurtleff*, for the plaintiff.

*Ray* and *Drew & Heywood*, for the defendants.

CUSHING, C. J. According to *Page* v. *Pierce*, 26 N. H. 317, and *Johnson* v. *Brown*, 31 N. H. 405, there seems to be no doubt that in a case like this all the parties interested as mortgagees may join ; and the intimation is very strong, as I understand those cases, that they must join.

According to the doctrine of those cases, the mortgaged land is all held as security for all the debts. If a holder of part of the debts foreclose the mortgage, he must foreclose it on the whole land ; and if he do it in his own name, he must hold as trustee for the owners of the remaining indebtedness. I can see no reason why this should be permitted, or why all the parties in interest should not be represented in the adjustment. The mortgagor's interest and safety also require this to be done. It seems to me, therefore, that the parties interested as mortgagees not all being plaintiffs in this suit, the verdict should be set aside, and judgment of nonsuit against the plaintiff, unless he can, by amendment, bring in the other parties.

LADD and SMITH, JJ., concurred.

*Exception sustained.*